IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Plaintiff, | : | |
| | : | No. 06-173-1 |
| v. | : | |
| | : | |
| STANLEY SANDERS, | : | |
| Defendant. | : | |

## MEMORANDUM

GENE E.K. PRATTER, J.                                                                                   OCTOBER 6, 2010

Mr. Stanley Sanders has filed a second petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, asserting that he is currently suffering economic hardship due to his mandatory involvement with the Inmate Financial Responsibility Program ("IFRP"), and that he will face additional economic hardship once placed on supervised release due to mandatory compliance with the payment schedule. For the reasons that follow, the Court denies Mr. Sanders's petition.

I.   FACTUAL BACKGROUND

Following a jury trial, Mr. Sanders was convicted of two counts of bank robbery in violation of 18 U.S.C. § 2113(a).[1] The Court sentenced Mr. Sanders and then, following a timely appeal,[2] re-sentenced him to 100 months' incarceration based on an agreed-upon error in the calculation of the appropriate Sentencing Guidelines provisions. In addition, Mr. Sanders's

---

[1] The details of Mr. Sanders's crimes, conviction, and appeal have been set forth in various prior judicial opinions, and need not be recounted here. See United States v. Sanders, 275 F. App'x 121, 122-23 (3d Cir. 2008) (Docket Entry Nos. 49, 54, 92).

[2] The appeal confirmed the conviction but vacated the sentence due to a calculation error that all parties agreed needed to be rectified. See United States v. Sanders, 275 F. App'x 121, 126 (3d Cir. 2008).

1

sentence included a mandatory special assessment of $200.00, a mandatory restitution obligation in the amount of $2,609.00, and three years of supervised release. The special assessment was due immediately, and the restitution obligation was to be paid off on a payment schedule during Mr. Sanders' incarceration, in accordance with the Bureau of Prisons' IFRP. Further, the Court ordered that 30 days after Mr. Sanders's release, any balance remaining on the restitution shall be paid at the rate of $100 per month, without interest.

II.     DISCUSSION

Under 28 U.S.C. § 2255, federal prisoners may challenge the lawfulness of their conviction. To qualify for a remedy under § 2255, "the alleged errors must raise a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (internal quotation omitted) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)). The statutory remedy provided by § 2255 "is expressly limited "to challenges to the validity of the petitioner's sentence," and does not apply to challenges "to the lawfulness of the performance of judgment and sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (citing Addonizio, 442 U.S. at 185-88).

In Mr. Sanders's second petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 ("second § 2255 petition"), he asserts three discernible claims. First, Mr. Sanders asserts that participation in the IFRP causes him to suffer economic hardship because the program garnishes "50%" of his income while working in prison, which "creates problems for [Mr. Sanders] to maintain a reasonable amount of contact with family and provide for [his] hygene[sic] products and needed quality of life items" such as "underwear - shoes - health items." See Second Pet. for Writ. of Habeas Corpus at 6. Second, Mr. Sanders asserts that he will suffer future economic hardship upon his release, as a result of compliance with the

2

mandatory payment schedule. Third, Mr. Sanders asserts that he suffers economic hardship as a result of a reduction in his hours and freeze in pay grade while working in prison. Mr. Sanders requests that the Court "set aside the financial restitution until the defendant is placed on supervised release conditions." See "Rebuttal to Government's Response" at 1. [3]

Before examining the substance of Mr. Sanders's claims, the Court must determine whether he has met the procedural requirements for bringing his second petition for habeas corpus under § 2255. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA," codified as 28 U.S.C. §§ 2241-2266) established certain procedural requirements or "gate-keeping" conditions for prisoners who file multiple § 2255 habeas petitions, namely the "second or successive" rule. See Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Okereke v. United States, 307 F.3d 117 (3d Cir. 2002). This rule "generally forbids a litigant from filing a 28 U.S.C. § 2255 habeas if that litigant had a prior 28 U.S.C. § 2255 habeas (attacking the same federal conviction and/or sentence) that was dismissed with prejudice." Gonzalez-Rivera v. U.S., Crim. A. No. 92-cr-00055-1, 2007 WL 3226230, at *4 (E.D. Pa. Oct. 31, 2007). If a

---

[3] It is possible to construe Mr. Sanders's first two claims of economic hardship as a request for an adjustment of his restitution order under 18 U.S.C. § 3664(k). To request an adjustment of an order of restitution, Mr. Sanders must "notify the court and Attorney General of any material change in [his] economic circumstances that might affect [his] ability to pay restitution." See 18 U.S.C. § 3664(k). Mr. Sanders has not shown that he experienced a "material change in [his] economic circumstances" that might affect his ability to pay restitution.

Also, it is possible to construe Mr. Sanders's third claim as a challenge to the conditions or requirements of the IFRP, as administered by the Bureau of Prisons. See 28 C.F.R. § 545.11. The Third Circuit Court of Appeals has upheld the conditions or requirements of the IFRP against constitutional challenges, see e.g., James v. Quinlan, 866 F.2d 627, 631-32 (3d Cir. 1989), and the Court sees no reason to reach a different result on the facts of this case.

Therefore, to the extent that the claims set forth in Mr. Sanders's second § 2255 petition may be construed as requests for an adjustment of Mr. Sanders's restitution order under 18 U.S.C. § 3664(k), or as a challenge to the conditions or requirements of the IFRP, such claims are denied.

3

litigant wishes to file a second habeas petition under 28 U.S.C. § 2255, he must first obtain certification of his petition from the appropriate court of appeals. United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999) ("Section 2255, as amended by AEDPA, bars second or successive habeas petitions absent exceptional circumstances and certification by the appropriate court of appeals."). To seek certification, the petitioner must move the Third Circuit Court of Appeals "for an order authorizing the district court to consider the application." 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). When deciding whether to certify a second or successive § 2255 petition, the Court of Appeals considers whether the second or successive petition raises newly discovered evidence, or rests on a new rule of constitutional law that was made retroactive. See 28 U.S.C. § 2255(h)(1), (2). Only after the petitioner has received certification by the Court of Appeals, may this Court entertain a second or successive § 2255 petition on the merits.[4]

Mr. Sanders filed his second § 2255 petition on January 27, 2010, over a year after his first § 2255 petition was filed.[5] In his second § 2255 petition, Mr. Sanders sets forth claims that

---

[4] Petitioners may file a second or successive § 2255 petition without certification in a narrow set of circumstances. See In re Olabode, 325 F.3d 166, 173 (3d Cir. 2003) (holding that "when the first petition merely sought the right to file a direct appeal, there was no abuse of the writ" when filing a second § 2255 petition). However, Mr. Sanders's § 2255 petition does not set forth any arguments that his second § 2255 petition falls within this narrow set of circumstances, and the Court's review of the record reflects that no such circumstances are present here. Thus, the certification requirement applies to Mr. Sanders's second § 2255 petition.
    The Court received additional briefing from the Government in response to the Court's question of "whether *all* of Mr. Sanders's claims, as articulated in his motion, could have been raised in his earlier habeas corpus petition and therefore may be within the province of the 'second or successive petition' rule." (See Docket No. 102.) After considering this additional briefing, the Court is satisfied that Mr. Sanders was fully aware of the requirements and terms of the Inmate Financial Responsibility Program at his sentencing in 2007, and that any attendant claim of hardship could have been raised in Mr. Sanders's first § 2255 petition.

[5] Mr. Sanders previously filed a petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 ("first § 2255 petition"), in which he brought an ineffectiveness of counsel claim on the grounds that his counsel failed to file an appeal with the Third Circuit Court of Appeals

4

are different from those set forth in his first § 2255 petition, and which could have been considered in Mr. Sanders's first § 2255 petition if he had raised them at that time. However, he failed to do so, and is therefore barred from asserting them at this time without first submitting the required certification from the Court of Appeals. See Benchoff, 404 F.3d at 817 (holding that the second or successive rule bars claims that could have been raised in an earlier habeas corpus petition). Mr. Sanders has not submitted this certification, and therefore the Court cannot consider the substance of Mr. Sanders's claims and must deny his second § 2255 petition. See 28 U.S.C. § 2255(h).[6]

Notably, Mr. Sanders cannot argue that he was unaware of the certification requirement at the time that he filed his second § 2255 petition. The form that Mr. Sanders used to submit his second § 2255 petition contained explicit instructions concerning the certification requirement that petitioners must fulfill before submitting a second or successive § 2255 petition. Specifically, Instruction 1 of the form directs prisoners to include "all potential claims and supporting facts . . . because a second or successive habeas corpus petition cannot be filed except under very specific and rare circumstances requiring certification by the Third Circuit Court of

---

upon Mr. Sanders's request. Following a hearing, the Court denied Mr. Sanders's first § 2255 petition. In a Memorandum and Order dated July 13, 2009, the Court held that there was no error by defense counsel because Mr. Sanders had not clearly communicated his request to file an appeal. See Docket Entry No. 92.

[6] See also Felder v. Turnpin, 518 U.S. 651 (1996) (upholding the constitutionality of the certification requirement in the context of habeas corpus petitions brought under 28 U.S.C. § 2254); United States v. Allen, 157 F.3d 661 (9th Cir. 1998) (district court lacked jurisdiction to consider the merits of defendant's successive petition to vacate claim that he was denied effective assistance at a plea hearing, where defendant did not request requisite certification from the appropriate Court of Appeals prior to filing the petition); United States v. Walker, 980 F. Supp. 144 (E.D. Pa. 1997) (successive petition to vacate, set aside or correct sentence was inappropriately before district court, in light of statute expressly stating the permission to file such a petition could only be granted by the appropriate Court of Appeals).

Appeals as set forth in Instruction # 10." See Second Pet. for Writ. of Habeas Corpus at 1. Instruction 10, in turn, informs prisoners of the 'rare exceptions' needed in order for the Third Circuit Court of Appeals to certify a second or successive § 2255 petition: either new evidence that has been discovered, or new constitutional law that has been made retroactive.[7] Id. at 2. Under the circumstances, it is clear that Mr. Sanders had ample prior notice of the certification requirement, but he simply failed to satisfy it.

In addition to pointing out Mr. Sanders's failure to obtain the required certification, the Government also argues that Mr. Sanders incorrectly filed his petition in the judicial district of his sentencing (that is, the Eastern District of Pennsylvania) rather than the district of his confinement. However, this argument is misplaced. A habeas corpus petition brought under § 2255 may be filed in the district where the federal petitioner was sentenced, rather than the district in which he is confined. See 28 U.S.C. § 2255(a) (petitioner "may move the court which imposed the sentence to vacate, set aside or correct the sentence."); Addonizio, 442 U.S. at 185; Furnari v. United States Parole Comm'n, 531 F.3d 241, 254 (3d Cir. 2008); Paige v. Holt, No. 4:cv-10-0701, 2010 U.S. Dist. LEXIS 35711, *4 (M.D. Pa. Apr. 12, 2010).[8]

---

[7] The Court need not decide whether this case falls into one of these "rare exceptions," as the inquiry is properly for the Third Circuit Court of Appeals. However, the Court notes that Mr. Sanders does not purport to raise any newly discovered evidence, and his claims do not appear to be of constitutional dimension, let alone implicate a new constitutional law that has been made retroactive.

[8] The Government cites Rumsfeld v. Padilla, 542 U.S. 426 (2004), in support of this argument. However, Rumsfeld is distinguishable from this case. Rumsfeld was decided in the context of an enemy combatant who sought a writ of habeas corpus pursuant to 28 U.S.C. §§ 2242 and 2243. Under those statutes, petitions must be brought in the district in which the prisoner is confined. By contrast, under § 2255, prisoners may file certain postconviction petitions in the sentencing courts. Id. at 443 (noting that § 2255 allows federal prisoners to file certain postconviction petitions in sentencing courts, as opposed to the courts of confinement); see United States v. Hayman, 342 U.S. 205, 212-19 (1952); Musto v. United States, 571 F.2d 136, 140-41 & n.10 (3d

III.     CONCLUSION

Mr. Sanders's failure to comply with the requirement to certify his second § 2255 petition in the Third Circuit Court of Appeals bars this Court from considering his claims. Accordingly, Mr. Sanders's second petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is denied.

BY THE COURT:

  /s/ Gene E.K. Pratter  
GENE E.K. PRATTER  
UNITED STATES DISTRICT JUDGE

---

Cir. 1978). In any event, the Court need not determine the applicability of <u>Rumsfeld</u> to this case, as it denies Mr. Sanders's petition on alternative procedural grounds, as set forth in this Memorandum.